**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRAY JIBRIL MURRAY, | ) | |
| Plaintiff, | ) | C.A. No. 08-264 Erie |
| | ) | |
| v. | ) | |
| | ) | District Judge McLaughlin |
| PAUL ENNIS, et al., | ) | Magistrate Judge Baxter |
| Respondents. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

It is respectfully recommended that Plaintiff's motion for preliminary injunction [ECF No. 88] be denied.

**II.     REPORT**

**A.      Relevant Procedural History**

Plaintiff initiated this action on September 22, 2008, by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against multiple employees of the Pennsylvania Department of Corrections. The sole remaining claims in this case arise out of Plaintiff's prior confinement at SCI-Forest, where all remaining Defendants are employed. Plaintiff is now incarcerated at SCI-Somerset, after having been recently transferred from SCI-Mahanoy.

Presently pending before this Court is Plaintiff's motion for preliminary injunction, in which Plaintiff challenges: (i) his recent transfer from SCI-Mahanoy to SCI-Somerset; (ii) a

1

separation issued at SCI-Mahanoy; (iii) his placement in AC custody at SCI-Somerset;

(iv) certain postal and other charges to his inmate account at SCI-Mahanoy; and (v) library

access issues at SCI-Somerset. [ECF No. 88].

Defendants have filed a response arguing that Plaintiff's motion should be denied

because there is no nexus between the injuries sought to be addressed in the motion and the

conduct asserted in the underlying complaint in this case. [ECF No. 90]. The Court agrees.

**B.** **Discussion**

To obtain a preliminary injunction, the District Court must consider: (1) the likelihood of

success on the merits; (2) the extent of irreparable injury from the alleged misconduct; (3) the

extent of harm to the movant; and (4) the effect on public interest. Clean Ocean Action v. York,

57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of

America, 920 F.2d 187, 191-92 (3d Cir. 1990).[1] The preliminary injunction remedy "must be

reserved for extraordinary circumstances...." Hoxworth v. Blinder, Robinson & Correctional

Officer. Inc., 903 F.2d 186, 189 (3d Cir. 1990).

---

[1]

If the record does not support a finding of both irreparable injury and a likelihood of success on the merits, then a preliminary injunction cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987). Irreparable injury is established by showing that a plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989)("The preliminary injunction must be the only way of protecting the plaintiff from harm"). The plaintiff bears this burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), cert. denied, 493 U.S. 848 (1989). In fact, a plaintiff must show immediate irreparable injury, which is more than merely serious or substantial harm. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987). The case law provides some assistance in determining that injury which is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for...'." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994) (citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F.Supp. 803, 809 (W.D.Pa. 1995). An injunction is not issued "simply to eliminate a possibility of a remote future injury...." Acierno, 40 F.3d at 655 (citation omitted).

Because Plaintiff seeks an order enjoining actions that have been taken against him at both SCI-Somerset and SCI-Mahanoy, which are not sufficiently related to the actions challenged in the operative complaint in this case, which occurred at SCI-Forest, he cannot establish a likelihood of success on the merits and his preliminary injunction request should be denied. *See, e.g.,* <u>Piskanin v. Rendell</u>, 2007 WL 4554258 at *1 (W.D.Pa. Dec. 19, 2007), <u>citing</u>, <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994) ("Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit."); <u>Spencer v. Stapler</u>, 2006 WL 2052704 at *9 (D.Ariz. July 21, 2006) ("Plaintiff's motion [for injunctive relief] concerns events that are unrelated to the subject of his complaint and that concerns conduct of persons other than the Defendants. Plaintiff's request will therefore be denied."); <u>Westbank Yellow Pages v. BRI, Inc.</u>, 1996 WL 255912 at *1 (E.D.La. May 13, 1996) ("A preliminary injunction is not an appropriate vehicle for trying to obtain relief that is not even sought in the underlying action."); <u>Williams v. Platt</u>, 2006 WL 149024 at *2 (W.D.Okla. Jan. 18, 2006) ("The complaint addresses two matters at the Logan County Jail: (1) the denial of medical treatment between March and June 2001; and (2) the promotion of an inmate assault on November 8, 2001. In his requests for injunctive relief, the Plaintiff addresses matters at a separate facility, involving harassment, conspiracy, denial of a bottom bunk, and confiscation of legal materials. A preliminary injunction would be inappropriate to address wrongs wholly unrelated to the complaint.") (footnotes omitted).

If Plaintiff wishes to bring a civil rights action to challenge the conduct he seeks to enjoin in his motion, against the appropriate individuals, he may do so by filing a separate action in the appropriate district. Here, however, Plaintiff's motion for preliminary injunction should be denied.

## III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion for preliminary injunction [ECF No. 88] should be denied.

In accordance with Fed.R.Civ.P. 72, the parties are allowed fourteen (14) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. No extensions of time will be granted. Failure to file timely objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge



Dated:  January 21, 2011

cc:    The Honorable Sean J. McLaughlin
       United States District Judge