IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRAY JIBRIL MURRAY, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:08-cv-264-SJM-SPB |
| ) | |
| v. ) | |
| ) | |
| PAUL A. ENNIS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM JUDGMENT ORDER**

Plaintiff's complaint in this civil rights action was received by the Clerk of Court on September 22, 2008 and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The Magistrate Judge's Report and Recommendation, filed on June 3, 2011 [94], recommends that the Defendants' motion for summary judgment [66] be granted and Plaintiff's motion for summary judgment [70] be denied. Plaintiff's objections [96] were filed on June 17, 2011. After de novo review of the complaint and documents in the case, together with the Report and Recommendation and Plaintiff's objections thereto, this Court declines to adopt the Report and Recommendation in part, inasmuch as I conclude that genuine issues of material fact exist on this record relative to Plaintiff's claims that he was retaliated against for utilizing the inmate grievance process by virtue of the Defendants: (a) placing him in the RHU under administrative custody, (b) denying him access to the law library; and (c) finding him guilty of allegedly false misconduct and sanctioning him to disciplinary custody. However, this Court will adopt the Report and Recommendation insofar as it recommends granting the Defendants' motion for summary judgment relative to Plaintiff's claim that Defendant Woodard

retaliated against him for utilizing the inmate grievance process by rejecting and returning-to-sender certain non-legal correspondence without first providing Plaintiff notice and an opportunity to protest. As to this last retaliation claim, I find that there is no genuine dispute as to any material fact and the Defendants are entitled to judgment as a matter of law. In addition, this Court will adopt the Magistrate Judge's recommendation that Plaintiff's motion for summary judgment be denied. Accordingly, the following order is entered:

AND NOW, *to wit*, this 21st Day of June, 2011;

IT IS ORDERED that the Defendants' Motion for Summary Judgment [66] shall be, and hereby is, GRANTED IN PART to the extent it relates to Plaintiff's claim that Defendant Woodard retaliated against him for utilizing the inmate grievance process by allegedly rejecting and returning-to-sender certain non-legal correspondence without first providing Plaintiff notice and an opportunity to protest. As to this particular claim, JUDGMENT shall be, and hereby is, GRANTED in favor of Defendant Woodard and against Plaintiff. In all other respects, Defendants' Motion for Summary Judgment [66] shall be, and hereby is, DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment [70] shall be, and hereby is, DENIED, inasmuch as the Court perceives genuine issues of material fact on this record with respect to each of the points raised in Plaintiff's motion.

The Report and Recommendation filed by Magistrate Judge Baxter on June 3, 2011 [94] is adopted as the opinion of this Court to the extent set forth herein.

    s/   <u>Sean J. McLaughlin</u>
        SEAN J. McLAUGHLIN
        United States District Judge

cm:    All parties of record
        U.S. Magistrate Judge Susan Paradise Baxter